KAREN L. LOEFFLER
United States Attorney

ANDREA T. STEWARD
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Tel: (907) 271-5071
Fax: (907) 271-1500
E-mail: Aunnie.Steward@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>vs.<br><br>JEREMY SMITH,<br><br>           Defendant. | No. 3:12-CR-00080 RRB-JDR<br><br>**PLEA AGREEMENT** |

        Unless the parties jointly inform the Court in writing of any additional agreements, this document in its entirety contains the terms of the plea agreement between the defendant and the United States. This agreement is limited to the District of Alaska; it does not bind other federal, state, or local prosecuting authorities.

# I. TERMS OF AGREEMENT, FEDERAL RULE OF CRIMINAL PROCEDURE 11, WAIVER OF CLAIM FOR ATTORNEY'S FEES AND COSTS

## A. Terms of Agreement

The defendant agrees to plead guilty to Counts 7 and 9 of the Indictment in this case charging Wire Fraud and admits to the forfeiture allegations. The United States agrees to dismiss Counts 8 and 10 and not to prosecute the defendant further for any other offense related to the event that resulted in the charge contained in the Indictment as detailed in Section V below. The parties are free to make sentencing recommendations consistent with this agreement. Any agreements the parties have on sentencing recommendations and guideline applications are set forth in Section III. The defendant will waive all rights to appeal the conviction and sentence imposed under this agreement, and will waive all rights to collaterally attack the conviction and sentence, except on the grounds of ineffective assistance of counsel or the voluntariness of the plea.

//

### B. Federal Rule of Criminal Procedure 11

Unless the parties otherwise inform the Court in writing, Federal Rule of Criminal Procedure 11(c)(1)(A) and (B) will control this plea agreement. Thus, the defendant may not withdraw from this agreement or the guilty plea if the Court rejects the parties' sentencing recommendations at the sentencing hearing.

### C. Waiver of Claim for Attorney Fees and Costs

Because this is a negotiated resolution of the case, the parties waive any claim for the award of attorney fees and costs from the other party.

## II. CHARGES, ELEMENTS, FACTUAL BASIS, STATUTORY PENALTIES AND OTHER MATTERS AFFECTING SENTENCE, FORFEITURE

### A. Charges

The defendant agrees to plead guilty to Counts 7 and 9 of the Indictment charging Wire Fraud in violation of 18 U.S.C. § 1343. The elements of Wire Fraud to which the defendant is pleading guilty are as follows:

1. First, the defendant participated in a scheme to defraud or a plan to obtain money or property by making false or

fraudulent promises, representations or statements, or by omitting material facts;

2. Second, the defendant knew the promises, representations or statements were false;

3. Third, that the false promises, representations, or statements, or the facts omitted as part of the scheme were material, that is they would reasonably influence a person to part with money or property;

4. Fourth, the defendant acted with the intent to defraud; and

5. Fifth, the defendant used or caused the use of the wires, to further the scheme.

A defendant may be found guilty of Wire Fraud, even if the defendant personally did not commit the act or acts constituting the crime but aided and abetted in its commission. To prove a defendant guilty of aiding and abetting, the government must prove beyond a reasonable doubt:

1. First, Wire Fraud was committed by someone;

2. Second, the defendant knowingly and intentionally aided, counseled, commanded, induced or procured that person to commit each element of Wire Fraud; and

3. Third, the defendant acted before the crime was completed. It is not enough that the defendant merely associated with the person committing the crime, or unknowingly or unintentionally did things that were helpful to that person,

US v Smith
3:12-CR–00080 RRB-JDR        Page 4 of 20

or was present at the scene of the crime. The evidence must show beyond a reasonable doubt that the defendant acted with the knowledge and intention of helping that person commit Wire Fraud.

B. **Factual Basis**

The defendant admits the truth of the allegations in Counts 7 and 9 of the Indictment and the truth of the following statement, and the parties stipulate that the Court may rely upon this statement to support the factual basis for the guilty plea and for the imposition of the sentence:

From January 2008 to May 2010, the defendant, Jeremy SMITH, did aid and abet Isairis WOLFE in a scheme to defraud, the purpose of which was to obtain money from Trident Seafoods on false and fraudulent pretenses. SMITH did so by negotiating 16 checks made out to SMITH by WOLFE on a Trident Seafoods' Wells Fargo account for a total of $128,400 keeping a portion of the funds for himself as payment for his assistance to WOLFE in carrying out the scheme. SMITH did so knowing that he was not entitled to the money and knowing that there was no legitimate basis for the payments. SMITH and WOLFE negotiated checks, transferred funds between accounts, and shared the

US v Smith
3:12-CR-00080 RRB-JDR     Page 5 of 20

proceeds from these checks, which caused interstate electronic wire transmissions to be made by Wells Fargo. These interstate electronic wire transmissions were reasonably foreseeable in the course of these transactions.

Specifically, as to count 7, on or about May 10, 2008, while in Kodiak, Alaska, WOLFE drafted and signed a Trident Seafoods check made payable to SMITH for $10,000. WOLFE falsified Trident Seafoods' internal accounting records attributing the check to a vessel account for the "Grumpy J" knowing this was not true. On or about May 12, 2008, SMITH cashed this check in Anchorage, Alaska, and deposited $5,000 into WOLFE's Wells Fargo account ending in xx9461. SMITH kept $5,000 for himself as payment for assisting WOLFE in the scheme.

Specifically, as to count 10, on July 7, 2008, while in Kodiak, Alaska, Wolfe drafted and signed a Trident Seafoods check made payable to Smith for $11,000. Wolfe falsified Trident Seafoods' internal accounting records attributing the check to a vessel account for the "Gulf Maiden" knowing this was not true. On or about July 8, 2008,

US v Smith
3:12-CR-00080 RRB-JDR        Page 6 of 20

SMITH cashed this check in Anchorage, Alaska, and deposited $7,000 into Wolfe's Wells Fargo account ending in xx9461. SMITH kept $4,000 for himself as payment for assisting WOLFE in the scheme.

### D. Statutory Penalties and Other Matters Affecting Sentence

#### 1. Statutory Penalties

The statutory penalties applicable to the charges to which the defendant is pleading guilty, based on the facts to which the defendant will admit in support of the guilty plea, are as follows:

Counts 7 and 9: Wire Fraud

1) 20 years imprisonment;

2) a maximum $250,000 fine;

3) a $100 mandatory special assessment; and

4) three years of supervised release.

#### 2. Other Matters Affecting Sentence

##### a. Conditions affecting the defendant's sentence

The following conditions may also apply and affect the defendant's sentence: 1) pursuant to Comment 7 of U.S.S.G. § 5E1.2, the Court may

impose an additional fine to pay the costs to the government of any imprisonment and supervised release term; 2) pursuant to 18 U.S.C. § 3612(f), unless otherwise ordered, if the Court imposes a fine of more than $2,500, interest will be charged on the balance not paid within 15 days after the judgment date; 3) upon violating any condition of supervised release, a further term of imprisonment equal to the period of the supervised release may be imposed, with no credit for the time already spent on supervised release; 4) the Court may order the defendant to pay restitution pursuant to 18 U.S.C. § 3663 and U.S.S.G. § 5E1.1.

### b. Payment of Special Assessment

The defendant agrees to pay the entire special assessment in this case on the day the Court imposes the sentence. All payments will be by check or money order, and are to be delivered to the Clerk of Court, United States District Court, 222 W. 7th Ave. Box 4, Rm. 229, Anchorage, AK 99513-7564.

//

### c. Consequences of Felony Conviction

Any person convicted of a federal felony offense may lose or be denied federal benefits including any grants, loans, licenses, food stamps, welfare or other forms of public assistance, as well as the right to own or possess any firearms, the right to vote, the right to hold public office, and the right to sit on a jury. If applicable, any defendant who is not a United States citizen, may be subject to deportation from the United States following conviction for a criminal offense and will not be permitted to return unless the defendant specifically receives the prior approval of the United States Attorney General.

### E. Forfeiture

The defendant admits the forfeiture allegations in the Indictment.

### F. Restitution

The defendant is jointly and severally liable with Isairis Wolfe for the total amount of loss to Trident Seafoods of $128,400.

//


//

## III. ADVISORY UNITED STATES SENTENCING GUIDELINES; GUIDELINE APPLICATION AGREEMENTS; SENTENCING RECOMMENDATIONS

### A. Advisory United States Sentencing Guidelines

The Court must consult the advisory United States Sentencing Commission Guidelines [U.S.S.G.] as well as the factors set forth in 18 U.S.C. § 3553(a) when considering the sentence to impose. The U.S.S.G. do not establish the statutory maximum or minimum sentence applicable to the offenses to which the defendant is pleading guilty. The U.S.S.G. are not mandatory and the Court is not bound to impose a sentence recommended by the U.S.S.G.

### B. Guideline Application Agreements

The parties have no agreements on any guideline applications unless set forth below in this section.

#### 1. Acceptance of responsibility

Subject to the defendant satisfying the criteria set out in U.S.S.G. § 3E1.1 and the applicable application notes, the United States agrees to recommend the defendant for a two level downward adjustment for acceptance of responsibility and, if U.S.S.G. § 3E1.1(b) applies, to move

for the additional one level adjustment for acceptance of responsibility. If, at any time prior to imposition of the sentence, the defendant fails to fully satisfy the criteria set out in U.S.S.G. § 3E1.1, or acts in a manner inconsistent with acceptance of responsibility, the United States will not make or, if already made, will withdraw this recommendation and motion.

### C. Sentencing Recommendations

The United States Probation Office will prepare the defendant's pre-sentence report in which it will include a recommended calculation of the defendant's sentence range under the U.S.S.G. Both the United States and the defendant will have the opportunity to argue in support of or in opposition to the guideline sentence range calculation the U.S.P.O. recommends, as well as present evidence in support of their respective sentencing arguments. The parties are free to recommend to the Court their respective positions on the appropriate sentence to be imposed in this case based on the stipulated facts set forth in Section II C, any additional facts established at the imposition of sentence

//

hearing, the applicable statutory penalty sections, the advisory U.S.S.G., and the sentencing factors set forth in 18 U.S.C. § 3553.

## IV. WAIVER OF TRIAL, APPELLATE RIGHTS, AND COLLATERAL ATTACK RIGHTS

### A. Trial Rights

Being aware of the following, the defendant waives these trial rights:

-- If pleading to an information, the right to have the charges presented to the grand jury prior to entering the guilty plea;

-- The right to a speedy and public trial by jury on the factual issues establishing guilt or any fact affecting the mandatory minimum and statutory penalties, and any issue affecting any interest in any assets subject to forfeiture;

-- The right to object to the composition of the grand or trial jury;

-- The right to plead not guilty or to persist in that plea if it has already been made;

Case 3:12-cr-00080-RRB    Document 110    Filed 02/28/13    Page 12 of 20

- The right to be presumed innocent and not to suffer any criminal penalty unless and until the defendant's guilt is established beyond a reasonable doubt;

- The right to be represented by counsel at trial and if necessary to have a counsel appointed at public expense to represent the defendant at trial -- the defendant is not waiving the right to have counsel continue to represent the defendant during the sentencing phase of this case;

- The right to confront and cross examine witnesses against the defendant, and the right to subpoena witnesses to appear in the defendant's behalf;

- The right to remain silent at trial, with such silence not to be used against the defendant, and the right to testify in the defendant's own behalf;

- The right to contest the validity of any searches conducted on the defendant's property or person.

//

B. **Appellate Rights**

The defendant waives the right to appeal the convictions resulting from the entry of guilty plea to the charges set forth in this agreement. The defendant further agrees that if the Court imposes a sentence that does not exceed the statutory maximum penalties – as set forth in Section II D above in this agreement, the defendant waives without exception the right to appeal on all grounds contained in 18 U.S.C. § 3742 the sentence the Court imposes– including forfeiture (if applicable) or terms or conditions of probation (if applicable) or supervised release, and any fines or restitution.

C. **Collateral Attack Rights**

The defendant agrees to waive all rights to collaterally attack the resulting convictions and/or sentence – including forfeiture (if applicable) or terms or conditions of probation (if applicable) or supervised release, and any fines or restitution – the Court imposes. The only exceptions to this collateral attack waiver are as follows: 1) any challenge to the conviction or sentence alleging ineffective assistance of counsel -- based on information not now known to the

defendant and which, in the exercise of reasonable diligence, could not be known by the defendant at the time the Court imposes sentence; and 2) a challenge to the voluntariness of the defendant's guilty plea.

## V. ADDITIONAL AGREEMENTS BY UNITED STATES

In exchange for the defendant's guilty plea and the Court's acceptance of the defendant's plea and the terms of this agreement, the United States agrees that it will not prosecute the defendant further for any other offense -- now known -- arising out of the subject of the investigation related to the charges brought in the Indictment in this case and the defendant's admissions set forth in Section II C. Provided, however, if the defendant's guilty plea is rejected, withdrawn, vacated, reversed, or set aside, or if the defendant's conviction or sentence is vacated, reversed, set aside, or modified, at any time, in any proceeding, for any reason, the United States will be free to prosecute the defendant on all charges arising out of the investigation of this case including any charges dismissed pursuant to the terms of this agreement, which charges will be automatically reinstated as well as for perjury and false statements.

## VI. ADEQUACY OF THE AGREEMENT

Pursuant to Local Criminal Rule 11.2 (d)(7) and (8), this plea agreement is appropriate in that it conforms with the sentencing goals that would otherwise be applicable to the defendant's case if the defendant had gone to trial and had been convicted on all counts in the charging instrument.

## VII. THE DEFENDANT'S ACCEPTANCE OF THE TERMS OF THIS PLEA AGREEMENT

I, Jeremy Smith, the defendant, affirm this document contains all of the agreements made between me – with the assistance of my attorney – and the United States regarding my plea. There are no other promises, assurances, or agreements the United States has made or entered into with me that have affected my decision to enter any plea of guilty or to enter into this agreement. If there are any additional promises, assurances, or agreements, I and the United States will jointly inform the Court in writing before I enter my guilty plea.

I understand that no one, including my attorney, can guarantee the outcome of my case or what sentence the Court may impose if I

plead guilty. If anyone, including my attorney, has done or said anything other than what is contained in this agreement, I will inform the Court when I stand before it to enter my plea. If there were, I would so inform the Court.

I enter into this agreement understanding and agreeing that the conditions set forth herein are obligatory and material to this agreement and that any failure on my part to fulfill these obligations will constitute a material breach of this agreement. If I breach this agreement, I agree the United States, in its sole discretion, may withdraw from this agreement and may reinstate prosecution against me on any charges arising out of the investigation in this matter. If my compliance with the terms of this plea agreement becomes an issue, at an appropriate hearing, during which I agree any of my disclosures will be admissible, the Court will determine whether or not I have violated the terms of this agreement. I understand the government's burden to prove a breach will be by a preponderance of the evidence.

I understand the Court will ask me under an oath to answer questions about the offenses to which I am pleading guilty and my

understanding of this plea agreement. I understand that I may be prosecuted if I make false statements or give false answers and may suffer other consequences set forth in this agreement.

I have read this plea agreement carefully and understand it thoroughly. I know of no reason why the Court should find me incompetent to enter into this agreement or to enter my plea. I enter into this agreement knowingly and voluntarily. I understand that anything that I discuss with my attorney is privileged and confidential, and cannot be revealed without my permission. Knowing this, I agree that this document will be filed with the Court.

I am fully satisfied with the representation given me by my attorney and am prepared to repeat this statement at the time I stand before the Court and enter my guilty plea. My attorney and I have discussed all possible defenses to the charges to which I am pleading guilty. My attorney has investigated my case and followed up on any information and issues I have raised to my satisfaction. My attorney has taken the time to fully explain the legal and factual issues involved in my case to my satisfaction. We have discussed the statutes

applicable to my offense and sentence as well as the possible effect the U.S.S.G. may have on my sentence.

Based on my complete understanding of this plea agreement, I therefore wish to enter a plea of guilty to Counts 7 and 9 of the Indictment.

DATED: 2-26-13        _____
                        JEREMY SMITH
                        Defendant

As counsel for the defendant, I have discussed all plea offers from the United States with the defendant and I have explained the terms of this plea agreement to the defendant. I have fully explained the charges to which the defendant is pleading guilty and the necessary elements, all possible defenses, and the consequences of a guilty plea to a felony. Based on these discussions, I have no reason to doubt that the defendant is knowingly and voluntarily entering into this agreement and entering a plea of guilty. I know of no reason to question the defendant's competency to make these decisions. If, prior to the

imposition of sentence, I become aware of any reason to question the defendant's competency to enter into this plea agreement or to enter a plea of guilty, I will immediately inform the court.

DATED: 2/26/13            _____
                          CHARLIE COE
                          Attorney for Jeremy Smith

On behalf of the United States, the following accept Jeremy Smith's offer to plead guilty under the terms of this plea agreement.

DATED: 2/26/13            _____
                          ANDREA T. STEWARD
                          United States of America
                          Assistant U.S. Attorney

DATED: 2/26/13            _____
                          KAREN L. LOEFFLER
                          United States of America
                          United States Attorney

US v Smith
3:12-CR-00080 RRB-JDR            Page 20 of 20