Charles W. Coe
LAW OFFICE OF CHARLES W. COE
810 W 2nd Avenue
Anchorage, Alaska 99501
Ph: (907) 276-6173
Fax: (907) 279-1884
charlielaw@gci.net

Attorney for Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case No. 3:12-cr-00080 (RRB) |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **DEFENDANT'S SENTENCING** |
| JEREMY LEE SMITH., ) | **MEMORANDUM** |
| ) | |
| Defendant. ) | |
| ) | |

**Introduction**

　　　Jeremy Lee Smith is set for sentencing before this court on June 4, 2013. Unlike the other defendants in this case, Mr. Smith is also currently pending sentencing in Kodiak for a class C felony. In this case Mr. Smith is not a leader, middle level manager, or organizer of the plan to defraud Trident Seafoods. Likewise, Mr. Smith was involved with Ms. Wolfe for two limited periods of time and for sums clearly less than Anne Wilson, and her minor son, and more than the

defendants Olivares and Fathke. Mr. Smith maintains that using the factors under 3553(a) his sentence should be less than Ms. Wolfe and Ms. Wilson based on the time period he was involved, the amount of money attributed to his participation, and the relatively minor role he had. Essentially he cashed checks for Ms. Wolfe in exchange for part of the proceeds of each check.

Mr. Smith wishes to bring to the courts attention several issues for consideration at sentencing. Mr. Smith is a relatively young offender with a criminal history going back to his teenage years which primarily involves possession of drugs. He has a documented past substance abuse problem for which he was obtaining treatment for in Kodiak prior to his arrest on these charges. The guideline calculation of 33 to 41 months listed in the presentence report exceeds the sentences imposed for Ms. Wilson who was involved with more funds and possibly can exceed Ms. Wolfe's potential sentence. Likewise, even though Mr. Smith is being held on both the state and federal charges, a federal sentence imposed consecutive to the state sentence would clearly exceed any sentence of other defendants in this case. It would also be inconsistent with the facts of what occurred in this case and contrary to Mr. Smith's past attempts to rehabilitate himself, support his family, and correct his substance abuse problems, as well as contrary to other 3553(a) factors.

The defendant in this case argues that any sentence imposed in this case should run concurrently with the state's sentence as allowed under Stetser vs. U.S. (US Supreme Court March 28, 2012) Docket No. 10-7387 and 18 U.S.C. §3584(a). For the reasons set out in this memorandum Mr. Smith requests that a sentence of additional time on this case not be imposed consecutive to the presumptive time he faces in the state case.

**Charges**

In this case Mr. Smith has pled to count 7 and count 9 of the indictment. The elements of the charges are set out in his plea agreement. However, the checks and time period he was involved in are set out in paragraph 13 of the indictment as follows:

> 13. It was further part of the scheme that between on or about approximately January 2008 and through on or about May 2010, Wolfe drafted 16 checks to Smith totaling approximately $128,400. All of these checks were negotiated. Smith had no business relationship with Trident during this period of time and was not entitled to any payments from Trident. Wolfe and Smith shard the proceeds of the fraudulent funds obtained from Trident. The following are the 16 fraudulent Trident checks:

| Check Number | Check Date | Amount | Payee |
|---|---|---|---|
| 16009941 | 1/22/2008 | 5,000.00 | Jeremy Smith |
| 16010152 | 2/16/2008 | 5,000.00 | Jeremy Smith |

USA v. Smith
Case No. 3:12-cr-00080 (RRB)
Defendant's Sentencing Memorandum
Page 3 of 17

| | | | |
|---|---|---|---|
| 16010227 | 2/27/2008 | 5,000.00 | Jeremy Smith |
| 16010301 | 3/12/2008 | 6,000.00 | Jeremy Smith |
| 16010305 | 3/14/2008 | 6,000.00 | Jeremy Smith |
| 16010371 | 3/26/2008 | 10,000.00 | Jeremy Smith |
| 16010412 | 4/2/2008 | 10,000.00 | Jeremy Smith |
| 16010557 | 5/10/2008 | 10,000.00 | Jeremy Smith |
| 16010644 | 6/7/2008 | 10,000.00 | Jeremy Smith |
| 16010787 | 7/7/2008 | 11,000.00 | Jeremy Smith |
| 16011025 | 8/19/2008 | 11,000.00 | Jeremy L. Smith |
| 16011094 | 9/10/2008 | 10,000.00 | Jeremy Smith |
| 16013066 | 2/12/2010 | 6,400.00 | Jeremy Smith |
| 16013198 | 3/19/2010 | 6,200.00 | Jeremy Smith |
| 16013270 | 4/15/2010 | 9,800.00 | Jeremy Smith |
| 16013387 | 5/7/2010 | 7,000.00 | Jeremy Smith |

| Total Checks: 16 | Total amount: $128,400 |
|---|---|

**Facts**

The facts are set out in the plea agreement at pages 5-7 and paragraphs 7-17 of the presentence report. Mr. Smith maintains that he met Ms. Wolfe through her husband and that the majority of his conduct occurred in 2008. It stopped in 2009 when he was incarcerated for part of the time up until 2010. In February 2010 until May 2010, he received four checks from Ms. Wolfe. As of May 7, 2010, all actions involving Ms. Wolfe stopped and she continued to use Anne Wilson through August 2010.

Mr. Smith maintains that his portion of the sums received was less than half

USA v. Smith
Case No. 3:12-cr-00080 (RRB)
Defendant's Sentencing Memorandum
Page 4 of 17

of the checks he cashed. His portion from each check varied. He was not part of the overall plan with other defendants. Also, his only role was to receive a check payable in his name from Ms. Wolfe off of the Trident account, cash the check, and pay Ms. Wolfe the proceeds of the check that she demanded to be paid to her.

Mr. Smith is 30 years old. He has resided in Kodiak for the majority of his life and has supported himself and his family as a laborer and fisherman. He has four children. His oldest child lives in Wasilla. He has twins currently in the custody of his father in Kodiak and his youngest child is living with his girlfriend in Kodiak. Prior to his arrest, Mr. Smith was providing support to his family when he worked. Also in 2012, he was in Discovery Cove, a drug treatment program in Kodiak up until his arrest in September.

**State Charges**

On September 5, 2012, Mr. Smith was arrested on several counts of possession of drugs and one count of having a weapon in his residence. In 2013, he was convicted of the weapon charge. This is a class C felony. He is set to be sentenced in Kodiak on June 24, 2013, and faces a presumptive sentence of 3-5 years. In this case the state has notified the trial court that they are asking for a presumptive sentence. As of yet, a sentencing report has not been prepared to the best of our knowledge. Mr. Smith faces presumptive sentence required by state

USA v. Smith
Case No. 3:12-cr-00080 (RRB)
Defendant's Sentencing Memorandum
Page 5 of 17

law for a class C felony due to his two prior felony convictions. In this state case Mr. Smith has been incarcerated on those charges as of September 5, 2012, and was charged in this federal case as of September 18, 2012.

**Objections**

The majority of the objections to the presentence report have been resolved. However, Mr. Smith's following objections have not been resolved:

> Paragraph 27: Mr. Smith argues that he did not know about other conspirators in this case. His contact was with Ms. Wolfe. Also, it was for a limited time in 2008 and a short time in 2010. His role was minor in nature.
>
> Paragraph 54: Mr. Smith was not arrested or charged for this incident. The police took statements, but nothing was done.
>
> Paragraph 47: Mr. Smith objects to being in a criminal history category V. He has two prior misdemeanors and his original felony charge occurred when he was 18 and was young. He argues that the category V overstates his criminal history.

**Sentencing Guidelines**

According to the sentencing guidelines Mr. Smith's offense is at a level 17 due to the total amount of money involved between him and Ms. Wolfe. This level would be reduced to a level 14 for his acceptance of responsibility. Based on his criminal history he would be in a category V for a guideline range of 33-41 months based on 11 criminal history points.

If Mr. Smith had no criminal history he would be facing 15-21 months in category I, or 24-30 months in a category IV. As argued, if Mr. Smith receives a two level reduction for having a minor role based on his limited involvement he would be a level 12, which would be 21-27 months for a category IV and 27-33 months for a category V.

**Application of 18 U.S.C. § 3553(a)**

After the guidelines are determined, the court must look at the 18 USC§ 3553(a) factors. Although strict adherence to the sentencing guidelines was struck down in *Booker*, the remedial majority held that district courts must still consider the guideline ranges but must also consider the other directives set forth in §3553(a).

Under Booker, courts must treat the guidelines as just one of a number of sentencing factors. Section 3553(a) requires courts to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph 2. Section 3553(a)(2) states that such purposes of sentencing are:

- A. to reflect the seriousness of the offense, to promote respect for the law, and provide just punishment for the offense;

- B. to afford adequate deterrence to criminal conduct;

- C. to protect the public from further crimes of the defendant; and

USA v. Smith
Case No. 3:12-cr-00080 (RRB)
Defendant's Sentencing Memorandum
Page 7 of 17

D. to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

Section 3553(a) further directs the sentencing court to consider (1) the nature and circumstances of the offense and the history and characteristics of the defendant; the kinds of sentences available; the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct; and the need to provide restitution to any victims of the offense.

The directives of <u>Booker</u> and 3553(a) make it clear that courts may no longer systematically apply the guidelines. Under the guidelines, courts were generally forbidden in considering the defendant's age, U.S.S.G. §5H1.1, education and vocational skills, §5H1.2, mental and emotional condition, §5H1.3, physical condition, including drug or alcohol dependency, §5H1.4 employment record, §5H1.5 family ties and responsibilities, §5H1.6 socio-economic status, §5H1.10, civic and military contributions §5H1.11, and lack of guidance as a youth, §5H1.12. The guidelines prohibition from considering these factors cannot be squared with the §3553(a)(1) requirement that the court evaluate the "history and characteristics" of the defendant. The only aspect of a defendant's history that

the pre-Booker guidelines permit was for courts to consider is criminal history.
Thus, a defendant's history and character may now be taken into consideration in
light of the §3553(a) factors that might call for a sentence outside and below the
guideline range. Further, §3553(a)(2)(D) requires a sentencing court to evaluate
the need to provide the defendant with educational, training, treatment needs, or
medical care in the most effective manner. This directive might conflict with the
guidelines, which in most cases offer only prison. See U.S.S.G. §5 C1.1
(describing limited circumstances in which courts can impose sentence other than
imprisonment). In some cases, a defendant's educational, treatment needs, or
medical needs may be better served by a sentence that permits the offender to
remain in the community. Finally, in some cases the guidelines will clash with
§3553(a)'s primary directive: to "impose a sentence sufficient, but not greater than
necessary to comply with the purpose" of sentencing. In summary, in every case,
courts must now consider all of the §3553(a) factors, not just the guidelines.
Where the guidelines conflict with other factors set forth in §3553(a) courts will
have to resolve these conflicts. In considering imposing a sentence concurrent
with the state sentence 3553(a) factors need to be considered. In this case the
defendant's need for substance abuse treatment may be best served in the state
halfway house treatment system vs. obtaining treatment with the Bureau of

Prisons.

**A Concurrent Sentence Should be Imposed in This Case**

Pursuant to 18 USC 3584, a federal judge may impose a federal sentence concurrent with a state sentence:

> (a) Imposition of concurrent or consecutive terms.--If multiple terms of imprisonment are imposed on a defendant at the same time, or if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment, the terms may run concurrently or consecutively, except that the terms may not run consecutively for an attempt and for another offense that was the sole objective of the attempt. Multiple terms of imprisonment imposed at the same time run concurrently unless the court orders or the statute mandates that the terms are to run consecutively. Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently.
>
> (b) Factors to be considered in imposing concurrent or consecutive terms.--The court, in determining whether the terms imposed are to be ordered to run concurrently or consecutively, shall consider, as to each offense for which a term of imprisonment is being imposed, the factors set forth in section 3553(a).
>
> (c) Treatment of multiple sentences as an aggregate.-- Multiple terms of imprisonment ordered to run consecutively or concurrently shall be treated for administrative purposes as a single, aggregate term of imprisonment.

18 U.S.C. § 3584. Section 3553 which contains the factors to be considered. The Ninth Circuit case, Reynolds v. Thomas, 603 F.3d 144 (9th Cir. 2010), discusses the operation of § 3584 as it applies to cases in this jurisdiction and it appears that a concurrent sentence should be used for the instant case.

> We begin with a brief overview of the law applicable to federal courts and the BOP's determination of whether sentences should be served consecutively or concurrently. Under 18 U.S.C. § 3584, "[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." A court has the discretion, however, to order that multiple terms of imprisonment run concurrently when the court is imposing multiple terms on a defendant at the same time or is sentencing a defendant already subject to an undischarged term of imprisonment. Id. The discretion granted by this provision is limited in two respects. First, "concurrent sentences imposed by state judges are nothing more than recommendations to federal officials." Taylor v. Sawyer, 284 F.3d 1143, 1150 (9th Cir.2002). Accordingly, "the court" referenced in § 3584(a) refers only to federal courts. Second, we have held that even federal courts "cannot order a sentence to run either concurrently or consecutively to a non-existent term." Id.; see 18 U.S.C. § 3584(a). In other words, a federal court cannot order a sentence to be served concurrently with a sentence, including a state sentence that has not yet been imposed. Id.
>
> During the sentencing process, federal courts must also consider the United States Sentencing Guidelines. See United States v. Carty, 520 F.3d 984, 991 (9th Cir.2008) (en banc). Section 5G1.3 of the Guidelines

> provides that under certain circumstances, if a
> defendant is already subject to an undischarged term of
> imprisonment for "relevant conduct," the sentencing
> court should adjust a defendant's sentence for the crime
> of conviction to take into account the time already
> served and should order the sentence to run
> concurrently with the remaining undischarged term of
> imprisonment.3 This Guideline also includes the
> Sentencing Commission's policy statement that where
> there is an undischarged term of imprisonment, the
> district court should exercise its discretion "to achieve
> a reasonable punishment" for the offense. § 5G1.3(c).

Recently the U.S. Supreme Court in Stetser v U.S. supra ruled that it is within the trial court's discretion to impose a federal sentence consecutively to a state sentence, even though the state sentence has not been imposed. The trial court in Mr. Smith's case can impose his sentence to run concurrent with his state sentence. Essentially having sat on state cases this court is well aware of the effects of a class C presumptive sentence in a state court on Mr. Smith. By imposing a concurrent sentence, Mr. Smith should be able to participate in state treatment and furlough program. By imposing a consecutive sentence, Mr. Smith would be required to complete the state sentence and go to a federal facility without the benefit of treatment in the state system.

The problem Mr. Smith faces in state court is that under Alaska law his state sentence cannot be ordered by the judge to run concurrent with the federal

USA v. Smith
Case No. 3:12-cr-00080 (RRB)
Defendant's Sentencing Memorandum
Page 12 of 17

sentence.  However, the federal sentence can be run concurrent with the state charges.  Under federal law BOP will not automatically, absent a ruling by this court, run the sentences concurrently.  In fact, as discussed in <u>Reynolds v. Thomas</u>, <u>supra</u>, BOP waits until a defendant is released from state custody subject to his federal detainer to start his federal time.  Mr. Smith will likely lose the ability to be furloughed or placed in a drug treatment halfway house for his state case if he receives a consecutive sentence.  Mr. Smith is currently in jail for both the state and federal charges.  It makes sense that he continue in jail to serve both sentences for both charges running concurrently.

The effect of a consecutive sentence in this case is that Mr. Smith would receive a composite sentence that would exceed what he would receive if he only faced federal charges like the other federal defendants in this case.  The 37 months recommended in the PSR would total 63-97 months when the state sentence is imposed, if it is consecutive.  Although consecutive sentences happen in federal and state systems, it appears to be contrary to the goals set out for arriving at a fair sentence to meet 3553(a) factors.  In order to avoid a disparity of sentences among similar defendants in this case and so that Mr. Smith can receive treatment at a halfway house in the state case, Mr. Smith requests that sentence be run concurrent as of the date of his arrest in this federal case.

**Criminal History**

Mr. Smith has two prior felonies. One occurred when he was 18 years old on November 7, 2000. A suspended imposition of sentence was imposed; however, due to his violation of his conditions of probation his sentence was imposed. This charge would be over ten years and under 18 U.S.C. §4A 1.1(C) it may not be counted for criminal history points. However, since he was revoked in 2003 and the offenses in this case occurred in 2008. These factors eliminate use of the ten year exclusion rule as discussed in the presentence report.

Under §5H1.1 the 2000 offense can be characterized as a crime committed as an immature youth or under 5H1.4 a crime related to substance abuse. If the ten year period is not applied a departure under §5H1 could arguably be applied. The result would eliminate three criminal history points which puts Mr. Smith in criminal history category IV.

The category V in light of all facts in this case is an overstatement of Mr. Smith's criminal history. Also, sentencing Mr. Smith to 37 months is disproportionate to the other defendants in this case.

**Other Departure Factors**

Under 18 U.S.C. §3553 (a) there are several factors which warrant departing from the guidelines, especially if a consecutive sentence or composite

sentence is being considered.  Mr. Smith has a documented past substance abuse history.  Based on his state offenses and past attempt at rehabilitation it is unlikely that he will be placed in the BOP/RDAP program.  Due to his state time he is more likely to obtain treatment in that system with the goal of having him re-enter the community as he finishes his jail sentence.  The state time is more likely to use furlough and community confinement alternatives to rehabilitate Mr. Smith.

Second, Mr. Smith's criminal history is increasing the sentences in both his federal and state case.  Likewise, he's been incarcerated in both cases at the same time.  In the federal case his acts occurred in the past, in 2008 and 2010.  In 2011 and 2012, he took steps to seek substance abuse treatment and worked to support his family.  This is a significant factor under 3553(a) which is important to consider in arriving at a jail sentence in this case.

Third, the court has to look at disparity of sentences.  Locally, the federal court has run sentences concurrent or has imposed nominal consecutive time on defendants facing substantial state time.  This court has used the date of arrest to start a jail sentence, even though the defendant was initially arrested on a state charge which became a federal charge, see U.S. vs. Gezos (3:06-cr-00082 RRB).  If 33-41 months is imposed running it concurrently makes sense under the guidelines.

USA v. Smith
Case No. 3:12-cr-00080 (RRB)
Defendant's Sentencing Memorandum
Page 15 of 17

Alternatively, the court normally in a conspiracy looks at the various sentences imposed in conspiracies of this nature within this district and sentences of other defendants in the case before the court. From a monetary standpoint, Mr. Smith's involvement was the middle range in this group. It would be inconsistent if he is sentenced to more time than those defendants with more involvement.

Finally, Mr. Smith brings to the court's attention that prior to his arrest he was working at various jobs to provide support for his family. He has strong family ties in Kodiak. Since his arrest his children have required to use more state assistance. His goal is to do his time, work, and be able to support his family.

**Conclusion**

In looking at this case like the other defendants, Mr. Smith committed a serious offense. He essentially laundered money for a person who orchestrated this crime and continued it over several years with several defendants similar to Mr. Smith's offenses. His sentence would be more than defendants with fewer transactions and less than the main defendant or defendants with more transactions. Mr. Smith requests a sentence which runs concurrent with the state sentence starting from the date of his arrest in this case.

DATED this 30th day of May, 2013.

By: s/ Charles W. Coe
Attorney for Defendant
810 W 2nd Avenue
Anchorage, Alaska 99501
Phone: (907) 276-6173
charlielaw@gci.net
ABA#7804002

I hereby certify that on May 30, 2013,
I served an electronic copy of the foregoing
Upon the following:

Andrea T. Steward
Assistant U.S. Attorney

s/Charles W. Coe

USA v. Smith
Case No. 3:12-cr-00080 (RRB)
Defendant's Sentencing Memorandum
Page 17 of 17