KAREN L. LOEFFLER
United States Attorney

ANDREA T. STEWARD
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West 7th Ave., #9, Rm. 253
Anchorage, AK 99513-7567
Phone: 907-271-5071
Fax: 907-271-1500

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 3:12-cr-00080-RRB |
| | ) | |
| Plaintiff, | ) | **GOVERNMENT'S** |
| | ) | **SENTENCING** |
| vs. | ) | **MEMORANDUM** |
| | ) | |
| JEREMY LEE SMITH | ) | |
| | ) | |
| Defendant. | ) | |

The undersigned submits this Sentencing Memorandum for the sentencing scheduled on June 4, 2013, at 10:00 am in this case.

### SUMMARY OF SENTENCING RECOMMENDATIONS

**INCARCERATION** . . . . . . . . . . . . . . . . . . . . . . . . . . 37 months

**SPECIAL ASSESSMENT.** . . . . . . . . . . . . . . . . . . . $200.00

**RESTITUTION.** . . . . . . . . . . . . . . . . . . . . . . . . . . . $128,400

**SUPERVISED RELEASE** . . . . . . . . . . . . . . . . . . . 3 years

## I. BACKGROUND

The United States Probation Office has prepared a Presentence Investigation Report ("PSR") in this case. The United States agrees with the factual findings of the PSR. There is a plea agreement in this case. The parties have agreed to the following; the defendant has agreed to plead guilty to Counts 7 and 9 of the Indictment, violations of 18 U.S.C. § 1343 wire fraud, admit the forfeiture allegations, and to pay the full amount of restitution owed jointly and severally with his co-defendant Isairis Wolfe.

The defendant, Jeremy Smith, received $128,400 in Trident Seafoods' funds from his fraudulent scheme with co-defendant Isa Wolfe. Wolfe made out 16 fraudulent checks to Smith on a Trident Seafoods account. Smith negotiated the checks and shared the proceeds with Wolfe. Smith spent most of his share from the fraud scheme on illegal drugs.

Smith participated in the scheme with Wolfe from 2008 through 2010. There was a break in his participation in 2009 while Smith was in jail following his felony conviction for misconduct involving a

weapon. Smith resumed the fraudulent scheme with Wolfe once he was released from jail on the drug charges. Smith was recently found guilty at trial of another felony charge of misconduct involving a weapon and his sentencing in state court is scheduled for June 24, 2013. In addition to the 2009, and 2012, felony weapons convictions Smith has a lengthy criminal history placing him in a criminal history category of V. PSR ¶ 47.

## II. SENTENCING CALCULATION AND RECOMMENDATION

### A. <u>Statutory Maximum Sentence</u>.

The maximum sentence that may be imposed on the defendant for each count is 20 years in prison, a $250,000 fine, three years of supervised release, and a $100 mandatory special assessment.

### B. <u>Sentencing Guidelines Calculation.</u>

The United States agrees with the calculations in the PSR that the defendant's adjusted offense level is 14. PSR ¶ 35. The defendant's acceptance of responsibility has been timely. The defendant has accepted responsibility since he was first contacted by law enforcement, thus the United States agrees with a reduction of three levels for

acceptance.

## III. APPLICATION OF 18 U.S.C. § 3553(a) SENTENCING FACTORS

In addition to the Guidelines, the following sentencing factors set forth in 18 U.S.C. § 3553(a) apply: (1) the nature and circumstances of the offense and history and characteristics of the defendant; (2) the need for the sentence to reflect the seriousness of the offense, afford deterrence, protect the public from further crimes and provide the defendant training and treatment; (3) the kinds of sentences available; (4) the established Guidelines sentencing ranges; (5) any pertinent Guidelines policy statements; (6) the need to avoid unwarranted sentence disparity between defendants with similar records convicted of similar crimes; and (7) the need to provide restitution to victims of the offense. 18 U.S.C. § 3553(a)(1) through (7). The relevant factors are discussed below.

Smith has prior felony drug and gun charges. With this case he branched out to fraud to support his drug habit from 2008 to 2010. During the course of the fraudulent scheme in this case Smith was incarcerated on a gun charge in 2009. As soon as Smith was released

U.S. v. Smith
3:12-cr-00080-RRB                     4

from jail on the gun charge he resumed his fraudulent scheme with Wolfe. Smith has attempted drug rehab on two occasions and it does not appear to have helped. Smith's likelihood for rehabilitation appears small.

Smith is the third largest participant after Wolfe and Wilson. Smith has the worst criminal history of all participants in this scheme to defraud at a level V. Smith's criminal history includes two felony weapons charges and one felony drug charge. Drugs seem to be a significant factor in Smith's life and until he makes a serious attempt at addressing his substance abuse it is highly likely his criminal conduct will continue.

Because Smith's participation in this fraudulent scheme was significant and because his participation did not end with his incarceration on other charges, a sentence in the middle of the Guideline range of 37 months is appropriate. This sentence will encourage respect for the law, deter Smith and others, and take into account the defendant's small likelihood for rehabilitation and the nature and circumstances of this offense.

This sentence should be served consecutive to the sentence Smith receives in state court on an unrelated felony weapon charge from 2012. Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently. 18 U.S.C. § 3584(a). The court has discretion to impose a sentence either concurrent or consecutive to the defendant's anticipated state sentence. Setser v. United States, 132 S.Ct. 1463, 1473 (2012). The determination of whether to run a sentence consecutively is based on the sentencing factors discussed here as provided in 18 U.S.C. § 3553. 18 U.S.C. § 3584(b). Because Smith's state charges are based on drug activity entirely separate in conduct and time from the fraud charges in this case there is no reason to run these sentences concurrently.

## IV. RESTITUTION

The defendant is jointly and severally liable for restitution in the amount of $128,400 to Trident Seafoods with Isairis Wolfe.

## V. CONCLUSION

The United States recommends a sentence of 37 months

incarceration to be followed by three years of supervised release to be served consecutive to his state charges. Restitution should be imposed in the amount of $128,400 jointly and severally with co-defendant Isa Wolfe. A special assessment of a $200 should be imposed. This is a fair and just sentence.

RESPECTFULLY SUBMITTED this 31st day of May, 2013, at Anchorage, Alaska.

KAREN L. LOEFFLER
United States Attorney

 s/Andrea Steward
Assistant U.S. Attorney
United States of America

**CERTIFICATE OF SERVICE**

I declare under penalty of perjury that, on this date,
a true and correct copy of the foregoing was sent to
counsel of record via the CM/ECF system.

 s/Andrea Steward
Office of the U.S. Attorney

U.S. v. Smith
3:12-cr-00080-RRB                                    7

Case 3:12-cr-00080-RRB    Document 166    Filed 05/31/13    Page 7 of 7